# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 23-1645V

| | |
|---|---|
| KERRI STONE, *as parent and natural guardian of E.L., a minor,*<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: February 28, 2025 |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Christopher Pinto*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On September 25, 2023, Kerri Stone ("Petitioner") filed a petition for compensation on behalf of her minor son, E.L., under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that E.L. suffered the Table injury of an intussusception following a rotavirus vaccination administered on February 8, 2023. Petition, ECF No. 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 15, 2024, a ruling on entitlement was issued, finding Petitioner entitled to compensation for intussusception. On February 5, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded funds to satisfy an AmeriHealth Caritas Medicaid lien in the amount of $24,908.03, and an amount not to exceed $50,000.00 to purchase an annuity contract pursuant to the terms of Section II.B

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

of the Proffer. Proffer at 1-4. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

A. **A lump sum payment of $24,908.03, representing compensation for satisfaction of the AmeriHealth Caritas Medicaid lien, in the form of a check payable jointly to Petitioner and:**

> **MultiPlan**
> **535 E. Diehl Road, Suite 100**
> **Naperville, IL 60563**
> **File #: 774116**
> **Attn: Louise Holte**

**Petitioner agrees to endorse the check to MultiPlan for satisfaction of the Medicaid lien.**

B. **An amount of $50,000.00 to purchase the annuity contract described above in Section II.B of the Proffer.**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| E.L., a minor, by and through his parent, and natural guardian, KERRI STONE,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 23-1645V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER OF DAMAGES**

**I.      Procedural History**

On September 25, 2023, Kerri Stone ("petitioner"), as parent and natural guardian of her minor son, E.L., filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that E.L. suffered an intussusception, a Table injury, following a rotavirus vaccination administered on February 8, 2023.  Petition at 1.  On May 10, 2024, respondent filed his Rule 4(c) report in which he concedes that petitioner is entitled to compensation in this case.  Rule 4(c) Report at 1.  ECF No. 16.  Accordingly, on May 15, 2024 the Chief Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to vaccine compensation. ECF No. 20.

**II.     Items of Compensation and Form of the Award**

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a lump sum and future annuity payments as described below, and

request that the Special Master's decision and the Court's judgment award the following:[1]

    A.    <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy an AmeriHealth Caritas Medicaid lien in the amount of $24,908.03, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action AmeriHealth Caritas Medicaid may have against any individual as a result of any Medicaid payments AmeriHealth Caritas Medicaid has made to or on behalf of E.L. from the date of his eligibility for benefits through the date of judgment in this case as a result of E.L.'s vaccine-related injury suffered on or about February 8, 2023, under Title XIX of the Social Security Act. Reimbursement of the AmeriHealth Caritas Medicaid lien shall be made through a lump sum payment of **$24,908.03**, representing compensation for satisfaction of the AmeriHealth Caritas Medicaid lien, in the form of a check payable jointly to petitioner and:

> MultiPlan
> 535 E. Diehl Road, Suite 100
> Naperville, IL 60563
> File #: 774116
> Attn: Louise Holte

Petitioner agrees to endorse the check to MultiPlan for satisfaction of the Medicaid lien.

---

[1] Should E.L. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

B. <u>Pain and Suffering</u>

For pain and suffering, an amount not to exceed $50,000.00 to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased,[4] subject to the conditions described below, that will provide payments to E.L. as set forth below:

a. A certain Lump Sum of $38,541.76 payable on October 1, 2043.

b. A certain Lump Sum of $43,699.53 payable on October 1, 2046.

c. A certain Lump Sum of $50,213.92 payable on October 1, 2049.

---

[2] At respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

The parties further agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties and that no part of any annuity payments called for herein, nor any assets of the United States or the annuity company, are subject to execution or any legal process for any obligation in any manner. Petitioner and petitioner's heirs, executors, administrators, successors, and assigns do hereby agree that they have no power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise, and further agree that they will not sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

The purchase price of the annuity described in this section II.B. shall neither be greater nor less than $50,000.00.  In the event that the cost of the certain lump sum annuity payments set forth above varies from $50,000.00, the certain lump sum payable on October 1, 2049, shall be adjusted to ensure that the total cost of the annuity is neither less nor greater than $50,000.00.  Should E.L. predecease payment of any of the certain lump sum payments set forth above, said payments shall be made to his estate.  Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of E.L.'s death.

These amounts represent all elements of compensation to which E.L. would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.[5]

III. **Summary of Recommended Payments Following Judgment**

    A.    Medicaid Lien: **$24,908.03**

    B.    An amount of $50,000.00 to purchase the annuity contract described above in section II.B.

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director

---

[5] At the time payment is received, E.L. will be an adult, and thus guardianship is not required. However, petitioner represents that she presently is, or if necessary, will become, authorized to serve as guardian/conservator of E.L.'s estate as may be required under the laws of the State of South Carolina.

        Torts Branch, Civil Division

        JULIA M. COLLISON
        Assistant Director
        Torts Branch, Civil Division

        *s/Christopher Pinto*
        CHRISTOPHER PINTO
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel: (202) 353-5992
        Christopher.Pinto@usdoj.gov

DATED:   February 5, 2025